Esther M. BERGMAN, Appellant,

v.

BOARD OF TRUSTEES OF FIREMEN'S
RETIREMENT SYSTEM OF ST.
LOUIS, Missouri, Respondent.

No. 50441.

Supreme Court of Missouri,

Division No. 2.

Jan. 11, 1965.

Wm. G. O'Donnell, St. Louis, for appellant.

Thos. J. Neenan, City Counselor, Aubrey B. Hamilton, Assoc. City Counselor, St. Louis, for respondent.

STOCKARD, Commissioner.

This is an appeal from the judgment of the Circuit Court of the City of St. Louis wherein the petition of appellant, filed pursuant to the Administrative Procedure Act, Chapter 536, RSMo 1959, V.A.M.S., for review of the finding and decision of the Board of Trustees of The Firemen's Retirement System of St. Louis, Missouri, was "denied." Appellant seeks increased pension benefits, and the accrued amount to which she claims she is entitled at the time of this appeal, over and above the amount paid to her, exceeds $15,000. Appellate jurisdiction is in this court.

Appellant's husband, Walter Bergman, died on October 18, 1956, while a member in good standing of St. Louis Fire Department. As his unremarried widow, appellant has been paid and is receiving from the Board of Trustees the sum of $35 per month. She contends that her husband was killed or fatally injured in the line of duty, and for that reason she is entitled to a much larger pension.

At the time of the death of Walter Bergman the firemen's pension system in cities of 500,000 inhabitants or more was authorized by Sections 86.480–86.630 RSMo 1959, V.A.M.S. These sections were subsequently repealed, but provision for said pension systems was continued by Laws of Missouri 1959, Senate Bill No. 314, now Chapter 87 RSMo 1959, V.A.M.S. Authorization for the payment of the $35 per month to appellant is found in Section 86.-540, prior to its repeal. The corresponding provision, but with increased benefits, is.

now Section 87.220. Section 86.547, prior to its repeal, authorized payment to a widow of larger amounts when death was the result "of an accident in the performance of duty and not caused by negligence on the part of the member." The corresponding provision, with certain changes, is now Section 87.235. Notwithstanding these statutory provisions, and with no reference whatever being made to them or to any statute authorizing the pension benefits to be established by ordinance, the parties agree that appellant's right to the increased benefits claimed by her is governed by, and that these proceedings have been brought pursuant to, Section 32 of Ordinance 48174 of the City of St. Louis, which, as set out in the transcript, is as follows:

> "Any unremarried widow of a fireman who has heretofore been or may hereafter be *killed or fatally injured in the line of duty* shall be entitled to receive a pension at the rate of one-half of the average earnable compensation of such deceased fireman during his last ten years of service or during his entire period of service if less than ten years; * * *." (Emphasis added.)

After hearing was held on appellant's claim before the Board of Trustees, the following entry was made in the minutes of the Board for April 27, 1960:

> "The Board considered the official transcript of the hearing held before the Board of Trustees on January 29, 1960 and the reopened hearing held on February 18, 1960, in the claim of Esther M. Bergman for increased benefits under Board Bill 363, Ordinance 48174, and on a motion by Mr. Coburn, seconded by Mr. McMahon, *the claim was denied due to insufficient evidence to show that the death of Chief Walter P. Bergman*, former Fire Marshall of the City of St. Louis, *was the result of an accident.*" (Emphasis added.)

We note here that this minute entry does not comply with the provision of Sec-

tion 536.090 of the Administrative Procedure Act pertaining to the contents of a decision and order of an administrative agency in a contested case.

Appellant's petition for review, pursuant to Section 536.100 was "denied" by the circuit court, but we shall assume that by this order the court intended to and did affirm the decision and order of the Board of Trustees.

We are first confronted with a motion by respondents to dismiss this appeal because the "points relied on" in appellant's brief contain only abstract statements not shown to be related to any action or ruling of the circuit court, and also because the statement of facts is not "fair and concise." See Civil Rule 83.05, V.A.M.R. We do not consider the statement of facts to be inadequate, but the statement of the points relied on is subject to the criticism made. However, the basic complaint of appellant can be determined, and in a liberal exercise of discretion we overrule the motion to dismiss the appeal.

As previously noted, we conclude that the parties have agreed that the terms of Section 32 of Ordinance 48174 govern the right of appellant to the claimed increase in benefits. We reach this conclusion because of the following circumstances. Although the record before us does not contain any petition or claim on the part of appellant which was filed with the Board of Trustees and which brought about the hearing, counsel for the Board, at the conclusion of the hearing, read into the record what he called "a few lines from the ordinance under which this proceeding has been brought, being Section 32 of Ordinance 48174." In appellant's petition to the circuit court it is alleged that Walter Bergman "was fatally injured in the line of duty and under the provisions of Ordinance 48174 * * * which was enacted under authority of [Section] 86.547," and that as the unremarried widow appellant is entitled to receive a pension in the amount of "one-half of the average earnable compensation

of such deceased fireman during his last ten years of service." Respondents alleged in their answer that Ordinance 48174 had been repealed by Ordinance 49623, but this latter ordinance was not placed in evidence. The application of Ordinance 48174 was not otherwise denied. The brief of each party on this appeal is devoted to the issue of whether there is competent evidence that Walter Bergman was fatally injured in the line of duty. It is thus apparent that this case was tried before the Board of Trustees and the circuit court, and is now presented to this court on the theory that the sole issue is whether appellant is entitled to increased benefits by reason of the terms of Section 32 of Ordinance 48174.

We shall next look to the decision and order of the Board of Trustees as reflected by the minute entry of April 27, 1960. It is first stated that the Board had considered the transcript of the hearing held on the claim of appellant for increased benefits "under * * * Ordinance 48174," and it is then held that the claim is denied because there was "insufficient evidence to show that the death * * * was the result of an accident." This finding has no relation whatever to the issue presented by a claim filed pursuant to Section 32 of Ordinance 48174, which is whether Walter Bergman was fatally injured in the line of duty. It would appear from this finding that even though the Board said the hearing pertained to a claim under Ordinance 48174, it purported to rule the case on whether appellant was entitled to increased benefits pursuant to Section 86.547 (before its repeal) or possibly pursuant to Section 87.235. What has occurred in this case demonstrates the soundness of the requirement in Section 536.090 of the Administrative Procedure Act that in every contested case the decision and order of an administrative agency shall be in writing, and in those cases other than those specifically excepted, "the decision * * * shall include or be accompanied by findings of fact and conclusions of law."

From the meager record before us we cannot confidently determine what law is applicable to appellant's claim, that is, whether it is that set forth in the statutes or that contained in the ordinance, and we certainly cannot determine what law was applied to what facts by the Board of Trustees.

■ Section 536.140 of the Administrative Procedure Act provides that the scope of judicial review of the action of an administrative agency shall extend, among other things, to an inquiry of whether the action is for any reason unauthorized by law, or whether it involves an abuse of discretion, or whether it is arbitrary, capricious or unreasonable. We do not here rule that the provisions of Section 32 of Ordinance 48174 do or do not govern this case, but the contention pleaded in the circuit court by appellant, and the theory upon which this case was presented to this court by both parties is that they do. When we accept this case upon that theory, the action of the Board of Trustees in denying appellant's claim for the reason that the death of Walter Bergman did not result from an "accident," when the issue was whether he was "killed or fatally injured in the line of duty," was unquestionably unauthorized. In addition, such a decision and order would be unreasonable and would constitute an abuse of discretion within the meaning of Section 536.140. We do not consider it surprising that few cases can be found comparable to this one. See, however, the general statement in 2 Am. Jur.2d Administrative Law § 646, that in an appropriate proceeding courts may and will pass on, grant relief from, or set aside agency actions which are not in accordance with law, are unlawful, illegal, invalid, or are in excess of statutory jurisdiction, power or authority, "as where they are not in accordance with the legislatively imposed standards, or are short of statutory right; are based upon or affected by other error or mistake of law or erroneous view of the law, or involve an erroneous application of the law to the facts; * * *."

The judgment of the circuit court is reversed, and the cause is remanded with directions to the circuit court to set aside its judgment and enter a new judgment reversing the award of the Board of Trustees and to remand the cause to the Board for further proceedings consistent with applicable law and the views here expressed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

STORCKMAN, P. J., and EAGER, J., concur.

FINCH, J., not participating because not a member of the court when cause was submitted.